UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-20080-CR-RKA

UNITED STATES OF AMERICA,
      Plaintiff,

vs.

JORMAN JOSE GOITIA,           )
      Defendant.             )
_____)

**DEFENDANT GOITIA'S OBJECTIONS TO PRESENTENCE
INVESTIGATION REPORT AND MEMORANDUM OF LAW**

Defendant Jorman Jose Goitia ("Goitia"), by and through undersigned court-appointed

counsel, respectfully files his Objections to the Presentence Investigation Report ("PSR")

and supports them with a Memorandum of Law, and states:

1.  On November 7, 2022 the U.S. Probation Office ("USPO") issued the PSR [ECF No.

63].  The sentencing hearing is scheduled for December 13, 2022.

2.  As to paragraph 17 of the PSR, Plaintiff United States of America ("Government")

"advised the [USPO] that the defendant has not been debriefed as to his involvement in the

instant offense, therefore a two-level reduction pursuant to §2D1.1 (b)(18) was not assessed in

the guideline calculations."  Goitia objects to this paragraph not awarding him safety valve.  The

Government had asked Goitia to provide it a written safety valve proffer in lieu of a conference

with the prosecutors.  In fact, more than a month ago, on October 6, 2022, Goitia complied with

that safety-valve request and provided the Government the written proffer.

1

3.  As to paragraph 18 of the PSR, Base Offense Level ("BOL"), Goitia objects to not having a lower BOL because he merits the assignment of a mitigating role.  A quantity of 450 kilograms or more of cocaine corresponds to a BOL of 38.  However, where a defendant is assigned a minor role, the BOL decreases to 34.  *See* U.S.S.G. §2D1.1(a)(5).

4.  As to paragraph 19 of the PSR, Goitia objects to not having a two-level decrease because he has met the safety valve criteria under subdivisions (1)-(5) of §5C 1.2(a).  As such, the offense level is decreased by two levels pursuant to §2D1.1(b)(18).

5.  As to paragraph 21, Goitia objects to not having a two-level decrease for minor role. The facts and law justify Goitia receiving a minor role as discussed more fully below.

6.  Goitia objects to paragraph 23 because, taking into account the above decreases for BOL, safety valve, and minor role, the Adjusted Offense Level should be 30 instead of 38.

7.  Goitia objects to paragraph 27 where it states the Total Offense Level ("TOL") is 33. This follows because with the three-level reduction for timely acceptance of responsibility, as provided for in paragraphs 25 and 26, and other decreases stated above, the original BOL of 38 decreases a total of eleven levels for a final TOL of 27.

8.  Under "Sentencing Options," paragraph 57 of the PSR, Goitia would state that his qualifying for the safety valve provides this Honorable Court with the authority and discretion to impose a minimum term of imprisonment below 10 years.  Some of the considerations a sentencing court takes into account are set forth below in the Memorandum of Law.

9.  Goitia objects to paragraph 58 of the PSR.  A TOL of 27, Criminal History Category I, provides for a guideline imprisonment range of 70-87 months rather than 135-168 months.

10.  As to paragraph 65, (Fines), Goitia respectfully asks this Honorable Court not impose a fine due to his indigent financial condition outlined in paragraphs 53-56 of the PSR.

11.  As to paragraph 68 of the PSR, there are factors Goitia can identify warranting a downward variance from the advisory guidelines imprisonment range the Court calculates at sentencing.  Goitia separately will file a motion for downward variance in which he seeks a below-guidelines sentence based on a number of factors.

**MEMORANDUM OF LAW**

1.  In the Eleventh Circuit the leading case on the determination of role is *United States v. Rodriguez De Varon,* 175 F.3d 930 (11ᵗʰ Cir. 1999)(en banc).  That binding precedent requires the sentencing judge to consider two factors: a) the defendant's role in the relevant conduct for which he is held accountable at sentencing; and b) his role compared to that of other identifiable participants in that relevant conduct.  *Id*. at 940.

2.  In paragraph 13 of the PSR, the USPO states that no defendant should be assigned either an aggravating or mitigating role.  Such a conclusion is not warranted based upon the information available to the Government and the USPO.  In his safety valve proffer, as corroborated by his voluntary post-arrest statement before being represented by counsel, Goitia described what he did in this crime which distinguishes him from others and merits a minor role.

3.  As to the first factor under *Rodriguez De Varon*, *supra*, Goitia is held accountable for being one of three go-fast boat crew members transporting cocaine.  Their involvement falls at the low-end of the criminal ladder when compared to other participants in the crime who were organizers/leaders or manager/supervisors of the drug trafficking organization ("DTO") who are to be found at the top-end of that ladder.  They are the ones who cultivate and harvest the drugs,

3

convert them into the final product, package the drugs into kilogram bricks for transport, and arrange for that transport to coastal areas where boats are waiting to move the drugs to other countries.  In the next level below the leaders/organizers, there are mangers and supervisors of others.  The are responsible for, among other things, acquiring the drug vessels and recruiting fishermen, like Goitia, to serve as crew on those vessels.

4.  With the above background under consideration, compared to other identifiable participants in this crime, Goitia clearly had a mitigating role.  Under *United States v. Rodriguez De Varon*, 175 F.3d 930 (11th Cir. 1999)(en banc), granting Goitia's minor role request is justified.  The cocaine came from "somewhere," and that "somewhere" involved the DTO owners of the drugs and go-fast vessel and others populating the higher echelons of the DTO, like the recruiters, who made this crime happen.  In contrast, Goitia was at the other end of the DTO spectrum.  Once the vessel was loaded with drugs, Goitia boarded it for the journey from Colombia to the Dominican Republic.  Goitia did not own the cocaine or have any financial interest in it.  Nor did he own or acquire the boat used to transport the cocaine.

5.  Under the Commentary to U.S.S.G. §3B1.2, Application Note 5, a minor participant is defined as a defendant "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal."  Under Application Note 3(C), a sentencing court applies a "totality of the circumstances" analysis.  Also, the sentencing court takes into account the particular facts of a case, and those facts should weigh heavily on the making of such a role determination.

6.  In 2015 the Sentencing Commission amended §3B1.2's Commentary (Amendment 794) to give additional guidance about factors to take into account to determine whether a

defendant qualifies for a minor role.  Among the non-exhaustive list of factors are: a) the degree to which the defendant understood the scope and structure of the criminal activity; b) the degree to which the defendant participated in planning or organizing the criminal activity; c) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; d) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and responsibility and discretion the defendant had in performing those acts; and e) the degree to which the defendant stood to benefit from the criminal activity.  *See* U.S.S.G. §3B1.2, Commentary, Application Note 3(C) (2015).

7.  In interpreting the above Amendment, the Eleventh Circuit holds that it is legal error for a sentencing court to consider only one factor when disqualifying a defendant from receiving a minor role.  In *United States v. Cruickshank*, 837 F.3d 1182, 1194-95 (11th Cir. 2016), the Eleventh Circuit held that a large quantity of cocaine alone was an insufficient reason to deny a defendant a minor role adjustment.  Rather, a defendant's role in the scheme must be analyzed under the "totality of the circumstances," including applying the factors described in *United States v. Rodriguez De Varon*, 175 F.3d 930 (11th Cir. 1999), and Guidelines Amendment 794.

8.  It could be said that up to now district courts generally have denied a mitigating role for crew members, holding they all have the same relevant conduct.  The courts wrongly assume the conduct of crew members should not be compared to that of the higher echelons of a DTO when deciding whether a crew member should be assigned a mitigating role.  Such routine rulings fly in the face of the above legal standards.  There can be no dispute there exist DTO members who cultivate the drugs, own the drugs, organize the drug voyage, obtain the vessel,

5

and recruit the crew. Those crew members occupy the lowest level in the Title 46 crime. To ignore such a reality contravenes the clearly delineated guidelines framework and well-established case law.

9. With all of the above in mind, and utilizing a "totality of the circumstances" analysis and factors described in §3B1.2, Commentary, Application Note 3(C), there clearly is a stark difference between the role Goitia had in this crime and the roles of the leader/organizers and manager/supervisors. Goitia was not involved in any planning or organizing of the drug manufacture, he did not have an ownership interest in the drugs, he did not provide the drug vessel, nor did he recruit fishermen to take the boat from Colombia to the Dominican Republic. Applying binding precedent in this Circuit to these undisputed facts, it respectfully is submitted that Goitia should be assigned a minor role. *See United States v. Rodriguez De Varon*, 175 F.3d 930 (11th Cir. 1999) (en banc).

10. As set forth in his Objections above, Goitia objected to paragraph 17 of the PSR because it did not provide for a two-level decrease for safety valve. Receiving safety valve is a requirement for this Court to have the discretion to impose a sentence below the mandatory minimum of ten years. Safety valve should be awarded, under U.S.S.G. §5C1.2, as long as the defendant satisfies the five criteria under 18 U.S.C. §3553(f)(1)-(5). *See* §2D1.1(c)(18). The USPO recognized that Goitia is qualified for safety valve under its first four criteria. As to the fifth criterion, the USPO mentioned that the Government has not yet notified her the safety valve should be applied. However, on October 6, 2022, Goitia fully complied with the Government's request to provide a detailed written safety valve proffer.

11.  Goitia's TOL should be set at 27 with a corresponding guideline imprisonment range of 70-87 months.  Because Goitia is in Criminal History Category I, it respectfully is requested the Court fix his TOL at 27.

Respectfully submitted,

/ s / Martin A. Feigenbaum
Florida Bar No. 705144
P.O. Box 545960
Surfside, Florida 33154
Telephone: (305) 323-4595
Facsimile:  (844) 274-0862
Email: innering@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished electronically this 14th day of November, 2022, by the CM/ECF system to all persons entitled to electronic notice in this cause.

/ s / Martin A. Feigenbaum